■ SALLY WOODS, Respondent, v. ELIZABETH BRITT, Appellant, and MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Respondent.— Judg- ·

ment, Supreme Court, Bronx County, entered April 12, 1974, in favor of plaintiff Sally Woods as against the defendant Britt on the issue of liability, and in favor of MVAIC as against said plaintiff, unanimously reversed, on the law and on the facts, and vacated, and a new trial directed as to both defendants, with $60 costs and disbursements to abide the event. Based upon the entire record, we believe that the verdict was against the weight of the credible evidence. Although the statutory presumption of permissive use is "very strong" and continues until there is substantial evidence to the contrary (*Leotta* v. *Plessinger,* 8 N Y 2d 449; *Blunt* v. *Zinni,* 32 A D 2d 882, affd. 27 N Y 2d 521), defendant Britt came forth with such evidence which was not contradicted. Moreover, except for the police officer's testimony, which placed defendant Britt's vehicle in proximity to the accident, there was no evidence linking that vehicle to the occurrence. The plaintiff could not identify the vehicle and there were no eyewitnesses. And although the reports of the police officer, who responded to the accident, were admitted into evidence, those reports indicate that the information contained therein was based on statements of other persons and not upon the officer's own knowledge. Since the court charged the jury that if they found against defendant Britt they must automatically find in favor of defendant MVAIC, a new trial must be directed as against both defendants. Concur — McGivern, P. J., Markewich, Lupiano, Steuer and Tilzer, JJ.